## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | |
|---|---|
| JILLIAN ASHLEY HOLTZCLAW )<br>        Plaintiffs, )<br>)<br>**VERSUS** )<br>)<br>ALACRITY CLAIMS SOLUTIONS, LLC; )<br>ALACRITY ADJUSTING SOLUTIONS, )<br>LLC; AND SPINNAKER INSURANCE )<br>COMPANY )<br>        Defendants. )<br>) | CIVIL ACTION NO. 1:23cv218 TBM-BWR<br><br><br><br><br>DISTRICT JUDGE:<br>   HON.<br><br><br><br>MAGISTRATE JUDGE:<br>   HON. |

## NOTICE OF REMOVAL

Defendants, Alacrity Claims Solutions, LLC ("Alacrity Claims"), Alacrity Adjusting Solutions, LLC ("Alacrity Adjusting"), and Spinnaker Insurance Company ("Spinnaker") (collectively "Defendants"), file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and hereby remove this matter from the Circuit Court of Harrison County, to this Honorable Court. In support thereof, Defendants show as follows:

1.

On or about July 28, 2023, Jillian Ashley Holtzclaw ("Plaintiff") filed the attached Complaint, bearing Cause No.: A2401-23-00264, in the First Judicial District of the Circuit Court of Harrison County, State of Mississippi.[1]

2.

Plaintiff names Alacrity Claims, Alacrity Adjusting, and Spinnaker as the only Defendants in this action.[2]

---

[1] *See* Complaint, attached hereto as part of Exhibit "A".

[2] *Ibid.* at ¶¶ 2-3.

128069305.1

1

3.

Plaintiff's lawsuit seeks coverage for alleged damages arising from water or mold damage to her leased residence in Gulfport, Mississippi. Plaintiff also asserts claims for alleged damages arising from Defendants' claims and adjusting procedures, including claims for punitive damages.[3]

4.

Defendants desire to have this matter removed from the Circuit Court of Harrison County, State of Mississippi to the Southern Division of the United States District Court for the Southern District of Mississippi pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

I.

**REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332**

5.

This is a civil action over which the United States District Court for the Southern District of Mississippi has concurrent original jurisdiction pursuant to 28 U.S.C. § 1332 *et seq.*, as the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity exists between all adverse parties.

**A. THE AMOUNT IN CONTROVERSY EXCEEDS THE FEDERAL MINIMUM JURISDICTIONAL REQUIREMENTS**

6.

Where a plaintiff does not allege a specific amount for her damages claim, the removing defendant may demonstrate, by a preponderance of the evidence, that the amount in controversy equals or exceeds $75,000. *Anderson v. Wells Fargo Bank, NA*, No. 2:15-CV-88-JS-MTP, 2015

---

[3] *See generally, Ibid.*

U.S. Dist. LEXIS 106685, at *3 (S.D. Miss. Aug. 13, 2015). This requirement is met if (1) it is apparent from the face of the Complaint that the claims are likely to exceed $75,000, or alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount. *Ibid.* For purposes of the removal of this action, Defendants submit it is apparent from the face of Plaintiff's Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.

Plaintiff asserts the following damages, losses, and injuries in her Complaint:

(a) Property damages in the approximate amount of $50,000;

(b) Relocation and related expenses in the amount of $10,000;

(c) Punitive damages as a result of her bad faith claim;

(d) Compensatory damages, including mental anguish damages; and,

(e) Such other and further relief, at law or in equity, general or special, to which Plaintiff may show she is justly entitled . . . .[4]

Plaintiff is also asserting claims for pre- and post-judgment interest at the highest legal rate, attorney's fees, and all costs of court.

8.

The amount in controversy requirement is met because, on the face of the Complaint, Plaintiff alleges at least $60,000 in special damages, in addition to other, unspecified amounts of punitive and general damages.

---

[4] *See Ibid.* at ¶ 33.

9.

It is well settled in the Fifth Circuit that, "if Mississippi law permits punitive damages attendant to the particular claims the plaintiff is seeking redress for, then those damages are included in computation of the amount in controversy." *Marley v. Capital One Servs.*, No. 2:02CV87-P-A, 2002 U.S. Dist. LEXIS 26277, at *6 (N.D. Miss. Aug. 12, 2022). "Where the complaint is silent regarding the amount of damages, courts may consider the nature of the claims and the types of damages sought." *Haney v. Cont'l Cas. Co.*, No. 3:08CV482 DPJ-JCS, 2008 U.S. Dist. LEXIS 102104, at *3 (S.D. Miss. Dec. 2, 2008). Further, "[a] court should look to damage awards in similar cases to ascertain whether the bridge [would be] gapped between the stated amount in controversy and the jurisdictional threshold by the unspecified damage claim" if the plaintiff's claims are proven as true. *Marley*, 2022 U.S. Dist. LEXIS 26277, at *7-8, n.2 (citing *Arnold v. State Farm Fire & Cas. Co.*, 277 F.3d 772, 775, n.3 (5th Cir. 2001) (speculating that the plaintiff was highly unlikely to accept a low compensatory to punitive damages ratio based on the outcome of similar cases where the punitive damages vastly outweighed the actual damages awarded).

10.

In her Complaint, Plaintiff alleges unspecified punitive damages arising from her allegations of the bad-faith denial of her insurance claim. She also seeks unspecified compensatory damages, including damages for mental anguish.

11.

This Court has recognized that federal courts in Mississippi routinely hold that claims for an unspecified amount of punitive damage are deemed to exceed the federal jurisdictional minimum. *Anazia v. Allstate Prop. & Cas. Ins. Co.*, No. 5:10-cv-144, 2020 U.S. Dist. LEXIS

71773, at *4 (S.D. Miss. Apr. 23, 2020). This court has also recognized that "juries in Mississippi frequently award damages (*compensatory and punitive*) in excess of $ 75,000 in actions based on wrongful denial of insurance benefits" and "punitive damage awards against insurance companies in Mississippi often exceed $ 75,000." *Haney*, 2008 U.S. Dist. LEXIS 102104, at *3 (emphasis added). Similarly, this Court has recognized that "Mississippi's federal courts have held that Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000." *Anazia*, 2020 U.S. Dist. LEXIS 71773, at *4 (finding that, where the plaintiff sought unspecified punitive and emotional damages as part of a bad-faith breach of an insurance policy claim, the defendant had met its burden of establishing, by a preponderance of the evidence, that the amount in controversy exceed the jurisdictional limit).

12.

While Defendants neither admit any allegations of wrongdoing or liability alleged by Plaintiff, nor that Plaintiff is entitled to any of the damages claimed, Defendants have met their burden of establishing that the amount in controversy is in excess of $75,000, exclusive of interest and costs. Defendants specifically reserve any and all available defenses with respect to liability and damages.

B. **COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES**

13.

Removal is proper because there is complete diversity between the parties. 28 U.S.C. § 1332(a).

(a) Plaintiff, Jillian Ashley Holtzclaw, is a natural person domiciled in and a citizen of Mississippi.[5]

---

[5] *See Ibid.* at ¶ 1.

(b) Defendant Alacrity Claims Solutions, LLC, is a Delaware limited liability company having its principal place of business in Indiana. Its sole member is Alacrity Solutions Group, LLC, a Delaware limited liability company with its principal place of business in Indiana. Its sole member is Alacrity Parent, LLC, a Delaware limited liability company with its principal place of business located in Indiana, whose sole member is KWOR Acquisition, Inc., a corporation incorporated in Delaware with its principal place of business located in Indiana. *See, e.g., Tewari De-Ox Sys., Inc. v. Mountain States/Rosen Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) (noting that the citizenship of a limited liability company is determined by the citizenship of all its members). Thus, Alacrity Claims Solutions, LLC is deemed to be a citizen of both Delaware and Indiana for purposes of 28 U.S.C. § 1332.

(c) Alacrity Adjusting Solutions, LLC, is a Delaware limited liability corporation having its principal place of business in Louisiana. Its sole member is Alacrity Solutions Group, LLC, a Delaware limited liability company with its principal place of business in Indiana. Its sole member is Alacrity Parent, LLC, a Delaware limited liability corporation with its principal place of business located in Indiana. The sole member of Alacrity Parent, LLC is KWOR Acquisition, Inc., a corporation incorporated in Delaware, with its principal place of business located in Indiana, Thus Alacrity Adjusting Solutions, LLC is deemed to be a citizen of both Delaware and Indiana for purposes of 28 U. S.C. § 1332.

(d) Defendant, Spinnaker Insurance Company, is a foreign corporation incorporated in Delaware and having its principal place of business in New Jersey. Therefore, Spinnaker Insurance Company is considered to be a citizen of Delaware and New Jersey for purposes of 28 U.S.C. § 1332(c)(1).

14.

Accordingly, there is complete diversity of citizenship between Plaintiff and Defendants for purposes of establishing federal diversity jurisdiction pursuant to 28 U.SC. § 1332.

II.

**DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

15.

Removal is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is being filed within thirty (30) days of August 3, 2023, the date upon which Plaintiff served the Summons and Complaint on all Defendants.

16.

Defendant has not yet answered Plaintiff's Complaint. Defendant will answer the Complaint pursuant to the time period set forth in Rule 81(c)(2) of the Federal Rules of Civil Procedure.

17.

The Circuit Court of Harrison County, First Judicial District, is located within the judicial district of the Southern District of Mississippi, pursuant to 28 U.S.C. § 104(b)(2). Therefore, venue is proper in the Southern Division of the Southern District of Mississippi in accordance with 28 U.S.C. §§ 1441(a) and 1446(a) because it is the "district and division embracing the place where such action is pending."

18.

Pursuant to 28 U.S.C. § 1446(a), a complete copy of all process, pleadings, and orders served upon Defendants are attached hereto *en globo* and marked as Exhibit "B".

19.

Furthermore, pursuant to 28 U.S.C. § 1446(d), Defendants certify that a copy of this Notice of Removal is being served upon all parties and a copy is being filed with the Clerk of Court for the Circuit Court of Harrison County, First Judicial District, State of Mississippi.

20.

By filing this Notice of Removal, Defendants do not waive any motion or defense that may be available to them, including, but not limited to, the defenses set forth in Federal Rule of Civil Procedure 12.

21.

Defendants reserve the right to amend or supplement this Notice of Removal.

**WHEREFORE,** Defendants, Alacrity Claims Solutions, LLC, Alacrity Adjusting Solutions, LLC, and Spinnaker Insurance Company pray that the above numbered and entitled cause of action on the docket in the Circuit Court of Harrison County, State of Mississippi, be removed from said court to the United States District Court for the Southern District of Mississippi, Southern Division, and for all other general and equitable relief.

This the 29th of August, 2023.

        Respectfully submitted,

        */s/ Lee M. Peacocke*
        Lee M. Peacocke (MSB No. 4076)
        **LEWIS BRISBOIS BISGAARD & SMITH, LLP**
        400 Poydras Street, Suite 1300
        New Orleans, LA 70130
        Tel. (504) 322-4100 | Fax (504) 754-7569
        Email: Lee.Peacocke@LewisBrisbois.com
        ***Attorney for Alacrity Claims Solution, LLC, Alacrity Adjusting Solution, LLC, and Spinnaker Insurance Company***

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on all parties through the Court's CM/ECF electronic filing system. If a party should not receive copy through the Court's filing system, a copy of the foregoing will be sent via e-mail to their counsel of record, including:

*Plaintiff, Jillian Ashley Holtzclaw*
Through her counsel of record:
G. Morgan Holder
Smith & Holder, PLLC
1720 22nd Avenue (39501)
Post Office Box 1149
Gulfport, MS 39502
morgan@smithholder.com


This 29th day of August, 2023

                                        */s/ Lee M. Peacocke*
                                        LEE M. PEACOCKE (MSB# 4076)
                                        Lewis Brisbois Bisgaard & Smith, LLP
                                        400 Poydras Street, Suite 2000
                                        New Orleans, LA  70130
                                        Phone:  504-322-4100
                                        Fax:  504-754-7569
                                        Email:  lee.peacocke@lewisbrisbois.com